Judge Trimbae
delivered the opinion of the Court.
ON the 31st of May, 1821, Haeldey Jameson and James Jameson, exhibited their bill against John R. Porter, Daniel P. Moseley, Paul Durrett and Henry Daniel, in which they allege that the defendant, Porter, had borrowed $300 from the complainant, James Jameson, and to secure the re-payment of the money, Porter had executed to the complainant, Hackley Jameson, a deed of trust for a slave named Sharp-, er; that Porter had failed to pay the money,- or any part of it, to the complainant, James Jameson; that the defendants, Daniel, Durrett and Moseley, had obtained judgments against Porter, upon which they caused executions to be issued and levied on said slave, as the property of the defendant, Porter; that the complainants caused a jury to be empannelled by the sheriff, to try the right of property, who, after having heard the evidence, returned a verdict for the complainants; that notwithstanding the finding the finding of the jury, the defendants, Moseley, Daniel and Durrett threatened *72 that they would indemnify the sheriff and cause a sale 0^ slave- They pray that by a final decree the slave may be sold, and the proceeds of the sale appropriated to the satisfaction of the said sum of §300, with interest and costs of suit, and that the defendants, Daniel, Durrett and Moseley, may be enjoined from selling the slave under their executions, until the final hearing of the cause, and for general relief.
Prayer of tho biU.
Decree of the ‘nrcuit court.
Mortgagee of a slave cannot have m-gainst the plaintiffin an execution^ mortgagor^to prohibit the Bale, though mortgagorin his bill, and prays a closure and. sale by the chancellor’s order.
b^solcWmder the fieri fa-oias. For, by the statute of 1821, the mortgagor’s
The complainant, Hackley Jameson, having departed this life, the cause progressed to a final hearing in' the name of the other complainant. The defendants. Durrett and Moseley, demurred to the bill; but the other defendants failed to make any defence.
Upon a final hearing, the court below dissolved the injunction and dismissed the bill as to the defendants, Durre(;ts Moseley and Daniel, with costs, and rendered a decree in favor of the complainant against the defendant, Porter, for the sum secured by the deed of trust, with interest and costs.
From that decree the complainant prosecutes this writ of error, and the only question made by the assignment of errors, is, as to the correctness of the decree rendered by the court below.
We do not deem it necessary, in this case, to decide whelherin any or in what description of case, it would be propev for a court of equity to interpose its powers to prevent a sale of property under an execution, at the instance of a party who alleges that the property belongs to him and not to the defendant in the execution; for ’n this case, the complainants expressly charge, that the defendant, Porter, had conveyed the slave, in the bilí mentioned, to the complainant, Hackley Jameson, in trust> to secure the payment of a sum of money to the other complainant. By the.5tb section of an act of the of this Slate, approved December 17th, 1821, it is piovided, that “when any estate, real, personal or mixed, is held or covered by mortgage, deed of trust or other incumbrance, all the right, title and interest which the mortgagor or grantor has in said estate, shall be subject to execution and sale, in the same manner as estate of the like kind now is, when the owner thereof has a legal title to the same; and the purchaser or Purc^asers shall .take said estate,, subject to the bona fi^e ^en or claim which the mortgagee, emtui que use, or other claimant may have upon said estate; and the sher *73 iff or other officer making sale thereof, shall convey to the purchaser or purchasers thereof, ail the right, title and interest which the defendant or defendants in the execution may have in the same.” Session Acts of 1821, 341; 1 Dig. L. K. 504. From the allegations of the bill, therefore, it is evident that the interest of the defendant, Porter, in the slave, was subject to sale under the execution, and, consequently, the court below did right in dissolving the injunction and dismissing the bill. The decree must be affirmed with costs.
Triplett, for plaintiff; Daniel, (or defendants.